Dear Mr. Partney:
Your opinion request to the Attorney General has been assigned to me for reply. Your question is based on the following circumstances:
 The police chief of the town has been convicted of a felony under LSA-R.S. 14:134 (2) (malfeasance in office), which conviction is on appeal.
 The chief is covered under the Town's group health insurance plan and the premium is paid by the Town. Of great importance to your question is that the chief has a heart condition which is believed would make him uninsurable should he be dropped from coverage.
Your concern is that, if under the provisions of LSA-R.S.42:1411(B) the Town is prohibited from paying the premium pending appeal and the chief is dropped from coverage and the conviction is reversed; then the chief is unable to secure health insurance coverage, would the town suffer any liability exposure.
Your specific question is:
 Can the town legally continue to pay the insurance premiums pending appeal?
The pertinent statute is LSA-R.S. 42:1411 (A B) which states as follows:
 § 1411. Public officer; ground for removal; suspension; definitions
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended.
The statute clearly prohibits the town from paying any "compensation, pay, allowance, emolument or privilege of his office." The same statute also mandates that, along with full back pay, the official shall receive all of the suspended benefits in the event that the conviction is reversed. The problem you present is that if the town complies with the first part of the statute and the chief's conviction is reversed on appeal, compliance with the second part will be impossible because you state that the chief's health insurance can not be reinstated. In light of the above, a suspension of insurance benefits would be equivalent to a termination of benefits, which is not called for by the statute.
Therefore, in order to solve this difficult dilemma, it is our opinion that the town may continue the Chief's insurance during the suspension pending the appeal and make the payments therefore, and should the conviction be reversed and the chief reinstated, that benefit will already have been paid. Should the conviction be upheld and the official removed under the provisions of LSA-R.S. 42:1412, then an action for recovery of the insurance premiums paid by the city should be undertaken. This solution prevents the suspension from terminating the benefit which cannot be restored and we believe it to be the better solution.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR/cdw WP51:93-306